

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Paul T. Holt
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. O-1536
Re: Is the "Suit Club" conducted and
operated as described herein
within the lottery statute, or
the raffle statute?

Your request for opinion upon the above question has been received. We wish to acknowledge our appreciation of your able brief which has assisted us in passing upon this question. In your letter you submit as "Exhibit A", the proposed plan of operation of said club. "Exhibit A", reads as follows:

"Prize Contest Entry Card

"This is a contest of skill. Here's what you do. Just finish the following sentence using twenty-five additional words, or less—

"'I wear National Tailored to Measure Clothes because _____
_____

"All entries become the property of National Tailoring Co. and it is understood that they may be used for advertising purposes.

"All decisions made by the judges in awarding prizes will be considered final.

"Name_____
"Address_____ State_____

(on reverse side)

"Weekly Prizes
will be awarded as follows:

First Week . . . . . . . .$25.00 in Trade

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ...

| | | | |
|---|---|---|---|
| "Second Week . . . | $24.00 in Trade | Prize Contest |
| Third Week . . . . | 22.00 in Trade | |
| Fourth Week . . . | 20.00 in Trade | Open To |
| Fifth Week . . . . | 18.00 in Trade | |
| Sixth Week . . . . | 16.00 in Trade | Everyone |
| Seventh Week . . . | 14.00 in Trade | |
| Eighth Week . . . | 12.00 in Trade | A Contest |
| Ninth Week . . . . | 10.00 in Trade | |
| Tenth Week . . . . | 8.00 in Trade | of Skill |
| Eleventh . . . . . | 6.00 in Trade | |
| Twelfth Week . . . | 4.00 in Trade | Valuable Weekly |
| Thirteenth Week . | 2.00 in Trade | Prizes Given by" |

(second page)

## "PRIZE CONTEST SUIT PLAN

"This prize contest is open to every-
one. It combines a practical time-payment
suit purchase plan with a valuable Prize Con-
test, open to all members of the club.

"Get 50 men to join the club and agree
to pay you $2.00 each week for 14 weeks (total
$28.00) on basis that each man gets one class
A or Class AA suit.

"As each man joins the club, he enters the
prize contest by writing twenty-five words (or
less) to finish the sentence: 'I wear National
Tailored to measure clothes because_____.'

"Starting with the first week the judges
select the best slogan and award the first
week's prize of $26.00 in trade to the writer
of the prize winning slogan. (Therefore this
party gets his suit for only $2.00.)

"The second week the judges award the
second prize, and this party gets $24.00 in
trade; the third week $22.00 in trade, and so
on.

"At the end of 14 weeks you have a balance
left of 37 men, who have paid you the full price
of $28.00 each for their suit. Here is a table
of collections showing how the plan works:-

|  | Each Man Pays | Total Collections | Cost of suit to Prize Contest Winner |
|---|---|---|---|
| 1st week | $2.00 | $100.00 | $2.00 |
| 2nd week | " | 98.00 | 4.00 |
| 3rd week | " | 96.00 | 6.00 |
| 4th week | " | 94.00 | 8.00 |
| 5th week | " | 92.00 | 10.00 |
| 6th week | " | 90.00 | 12.00 |
| 7th week | 2 | 88.00 | 14.00 |
| 8th week | " | 86.00 | 16.00 |
| 9th week | " | 84.00 | 18.00 |
| 10th Week | " | 82.00 | 20.00 |
| 11th week | " | 80.00 | 22.00 |
| 12th week | " | 78.00 | 24.00 |
| 13th week | " | 76.00 | 26.00 |
| 14th week | " | 74.00 |  |
|  |  | $1218.00 |  |

"50 suits in Class AA at $19.00 wholesale cost you $950.00. Therefore your profits figure as follows:

"Total Collections  -  $1218.00
Cost of 50 Suits   -    950.00
YOUR NET PROFIT        $ 268.00

"The big feature of this plan is that it eliminates the lottery angle that is objectionable in some localities, and makes this Prize Contest plan strictly one of skill. Your prize contest entries may be sent in to us and we will have our judges make the awards, or you can appoint your own judges."

Section 47 of Article 3 of the Texas Constitution reads as follows:

"The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises or other evasions involving the lottery principle, established or existing in other states."

"The term lottery has no technical signification in the law, and since our statute does not provide a definition, its meaning must be determined from popular usage. According to that test a lottery is a scheme for the distribution of prizes by lot or chance among those who have paid or agreed to pay a consideration for the right to participate therein, or the distribution itself." 38 Texas Jurisprudence, pages 409-410.

"A raffle is distinguishable from a lottery. While, as in the case of a lottery, there is no statutory definition of the term, the Supreme Court has defined it, and this definition has been adopted by the Court of Criminal Appeals; such definition is as follows: (38 Tex. Jur., 410)

"'A game of perfect chance; in which every participant is equal with every other, in the proportion of his risk and prospect of gain. The prize is a common fund, or that which is purchased by a common fund. Each is an equal actor in developing the chances, in proportion to his risk. Whether they be developed with dice, or some other instrument, is not material. The successful party takes the whole prize, and all the rest lose.'" (28 Tex. Jur., 410)

Article 654, Penal Code of Texas, reads as follows:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than one hundred nor more than one thousand dollars; or if any person shall sell, offer for sale or keep for sale any ticket or part ticket in any lottery, he shall be fined not less than ten nor more than fifty dollars."

Article 655, Penal Code of Texas, reads as follows:

"If any person shall establish a raffle for or dispose by raffle of any estate, real or personal, exceeding five hundred dollars in value, he shall be fined not less than one hundred nor more than one thousand dollars; or if any person shall establish a raffle for or dispose of by raffle of any estate, real or personal, of the value of five hundred dollars or less, he shall be fined not less than five dollars nor more than two hundred dollars. Whoever shall offer for sale or keep for sale any chance, ticket or part ticket, in any raffle of any estate, real or personal of any value whatever shall be fined not less than ten nor more than fifty dollars."

Section 4, Lotteries, 28 Texas Jurisprudence, pages 412, 413 and 414, reads as follows:

"Devices and schemes constituting Lotteries - As pointed out above, a lottery, generally speaking, is a scheme for the distribution of prizes by lot or chance among those who have paid some consideration for the right to participate. In particular it is a gaming scheme in which one or more tickets bearing particular numbers draw prizes and the rest are blank. However, any device or scheme may constitute a lottery' where the elements of consideration, prize and chance are present. Thus a device or transaction which is ordinarily lawful may be rendered unlawful as a lottery by the concatenation of these circumstances. So listed, the following have been held to be lotteries: punch boards; slot or vending machines; the sale of boxes of candy, some of which contain prizes; 'suit clubs,' that is, clubs formed by tailors for the distribution of clothes by chance; and various games of a mechanical nature."

The case of Grant vs. State, 112 SW 1068, is in point. Appellant Grant was convicted of the offense of conducting a lottery by conducting a Suit Club. The facts in the Grant case are similar in many respects to the facts stated in your "Exhibit A" quoted above.

Three elements are essential to constitute a lottery: (1) A prize in money or other thing of value; (2) its distribution by chance; and (3) payment, either directly or indirectly, of a valuable consideration for the chance to win the prize. City of Wink vs. Griffith Amusement Company, 100 SW (2nd) 695, 701.

Chance at a prize given "free" with a purchase is not in fact "free", but payment for it is embraced in a part of the purchase price. City of Wink vs. Griffith Amusement Co., supra.

The "Bank Night" scheme, (City of Wink vs. Griffith Amusement Company, 100 SW (2nd) 695, 701), the "Buck Night" scheme (Robb & Rowley, et al vs. State, 127 SW 2nd 221,) and "Noah's Ark" scheme (Smith vs. State, 127 SW 2nd 297) have all been held to be lotteries.

Opinion No. 0-1200 of this Department holds that "Aces Quiz Night" scheme or plan (under the facts submitted) is a lottery.

Opinion No. 0-1329 of this Department holds that "Fingerprint Night" scheme or plan (under the facts submitted) is a lottery.

We enclose herewith copies of opinions Nos. 0-1200 and 0-1329 of this Department.

Under the authorities above cited and under the authorities cited in opinions Nos. 0-1200 and 0-1329 of this Department, you are respectfully advised that it is the opinion of this Department that a "Suit Club" conducted and operated as described in "Exhibit A" above, is a

lottery and in violation of law.

Trusting that this satisfactorily answers your inquiry and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AW

APPROVED SEP 18, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN